M'DONOUGH *vs.* THOMPSON ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE OF THE SECOND PRESIDING.

The notary who protests, is a competent witness to prove the dishonor of a note, and that due notice was given to the endorsers.

The act of 1821, (1 *Moreau's Digest*, 93) provides that the notary keep a record of his protests, signed by himself and two witnesses ; and the act of 1827, authorizes the notary's certificate from this record to be given as evidence of notice to the endorsers ; but this does not exclude other modes in which notice may be given, and proved.

Where the answer admits the defendants " *endorsed the notes sued on*," it is to be considered an acknowledgment, and sufficient proof of their signatures.

A judgment of the District Court, which gives as the only reason why it was rendered, that " *the jury have found a verdict in favor of the plaintiff*," will be deemed sufficient and constitutional.

This is an action against the endorsers on two promissory notes, drawn and dated at Plaquemine, (La.) the 18th May, 1833, and payable at the Bank of Louisiana, in New-Orleans, the 4th May, 1834. They were protested for non-payment, and notice put in the post office in New-Orleans, and directed to the defendants at Plaquemine.

The defendants in their joint answer deny every allegation in the petition, except such as are specially admitted. They admit they endorsed the notes sued on, but only as sureties of the maker, not being indebted to the holder. They aver further, that the plaintiff is bound to proceed against the maker before coming on them ; and that he, in fact, only holds these notes as the curator of Durnford's estate, and has no right of action in his own right. They pray that the suit be dismissed.

On these pleadings and issues the case was tried before the court and a jury. There was a verdict and judgment for the plaintiff, from which the defendants appealed.

*Porter,* for the plaintiff, urged the affirmance of the judgment, with costs and damages, on the ground that the appeal is frivolous and taken for delay.

*Labauve* and *A. N. Ogden,* for the defendants, contended, that there was no regular proof of notice to the endorsers ; the testimony of the notary was inadmissible, because the acts of 1821 and 1827, provide that the notary shall keep a record of his protests, and a certificate from this record is the proper evidence to prove notice.

2. If the notary kept a record, a copy of it is the best evidence. He swears that he gave the notice in a letter addressed to the defendant ; that letter or a copy of it should be produced, etc., which is not done.

3. The judgment below is unconstitutional for want of reasons. It says, " the jury having found a verdict in favor of the plaintiff, etc." This is not a reason as contemplated by the constitution. It is merely an incident in the cause. 5 *Martin,* 687.

4. The plaintiff sued as holder, under an endorsement and transfer from the defendants, and has failed to prove their signatures. This alone should prevent a recovery.

5. The defendants were not bound *in solido,* being mere sureties, and the judgment is erroneous in condemning each one for the whole sum claimed.

*Carleton, J.,* delivered the opinion of the court.

The defendants being sued as the endorsers of a promissory note, plead by joint answer, denying generally, and setting up other matters of defence not insisted on by their counsel. The cause was submitted to a jury whose verdict being for the plaintiff, the defendants appealed from the judgment rendered thereon.

Various points were raised by defendant's counsel before this court, none of which we deem it necessary to notice except the following :

1st. That due notice of the dishonor of the note was not given to the endorsers.

EASTERN DIST.    2d. That the signature of Lavinia Irwin, one of the
*February*, 1838. defendants and last endorser, was not proved at the trial.

M'DONOUGH         3d. That the judgment is unconstitutional.
*vs.*
THOMPSON ET AL    The notary was offered as a witness to prove notice of the

The notary dishonor of the note, and objected to by defendant's counsel,
who protests, is on the ground, that the statute had pointed out the only
a competent wit-
ness to prove the mode in which it could be given ; the court overruled the
dishonor of a
note, and that objection, and a bill of exceptions was taken to its opinion.
due notice was
given to the en-   We think the court did not err ; the statute indicates a
dorsers. mode in which the notice may be given, but does not exclude
The act of
1821 (1 Mo- any other by which the necessary information might be
reau's Digest, conveyed to the endorser.
93) provides that
the notary keep   The notary testified " that he did notify the parties in the
a record of his
protests, signed following words, by letter, dated 'New-Orleans, May 7th,
by himself and 1834 : Please to take notice, that a promissory note, sub-
two witnesses;
and the act of scribed by you to the order of Joseph Thompson, who
1827 authorizes
the notary's cer- endorsed it, payable on the 4th May, 1834, at the Bank of
tificate from this Louisiana, for the sum of twelve thousand and seventy-five
record to be gi-
ven as evidence dollars and thirty-four cents, dated the 18th May, 1833, was
of notice to the
endorsers ; but this day protested by me for non-payment, and the holder
this does not ex- looks to you for payment ;' which letter, addressed to the
clude other
modes in which drawer and both of the endorsers, Joseph Thompson and
notice may be
given, and pro- Lavinia Erwin, a copy thereof to each, was directed to them
ved. at the town of Plaquemine, parish of Iberville, and were
Where the an- by witness put into the post office, at New-Orleans, upon
swer admits the
defendants "*en-* 7th May, 1834."
*dorsed the note*
*sued on*," it is to   I. Though it were not necessary to notify the maker, yet
be considered
an acknowledg- copies of that notice forwarded to the endorsers, advised
ment, and suffi-
cient proof of them fully of the dishonor of the note, and thereby fixed the
their signatures. responsibility upon them.

A judgment   II. For proof of the signatures of the defendants, the
of the District
Court, which plaintiff relies on the avowal contained in their joint answer,
gives as the only
reason why it in these words : " Respondents admit that they endorsed the
was rendered,
that "*the jury* note sued on." We think this acknowledgment plainly
*have found a* imports a mutual admission of their respective signatures.
*verdict in favor*
*of the plaintiff*,"   III. It is lastly contended, that the judgment of the
will be deemed District Court, is unconstitutional, for not containing the
sufficient and
constitutional. reasons upon which it is founded.    It is as follows : " The

jury having found a verdict in favor of the plaintiff, it is ordered, adjudged, etc."

It would be difficult to find a better reason for a judgment, than that it is based upon the verdict of a jury, which appears to be strictly in conformity with the law and facts of the case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.